STATE *ex rel.* H. B. DAVENPORT *et al. v.* CLARENCE W.
MEADOWS, *Attorney General*

Submitted November 10, 1938. Decided November 14, 1938.

*Robert G. Kelly, John C. Morrison* and *Brown, Jackson & Knight,* for plaintiffs.

*Clarence W. Meadows,* Attorney General, *Ira J. Partlow,* Assistant Attorney General, *Philip H. Hill, Charles Ritchie,. Houston G. Young, P. G. Meador, R. Dennis Steed* and *Janice Boone,* for defendant.

MAXWELL, PRESIDENT:

Under the procedure authorized by Code, 13-1-26, there is herein brought under review the action of the Attorney General of West Virginia approving a proposed bond issue of the City of Charleston. The challenge is made by taxpayers—owners of property in the city.

On the 22nd of August, 1938, the council of the City of Charleston passed an ordinance providing for a bond issue for three projects, to-wit: (1) Construction and extension of Kanawha Boulevard; (2) relocation and re-construction of certain streets in the west sector of the city; and (3) erection of fire department buildings. At a special election held the 19th of September following, more than the requisite majority of all votes cast were in favor of the proposed bonds. Thereafter, on the 24th of October, the Attorney General of West Virginia, act-ing under the provisions of Code, 13-1-25, approved the validity of the proposed bond issue. He was of opinion that the proceedings which had taken place in further-ance of the issue were in substantial compliance with the law. This review followed.

Code, 13-1-6 provides: "The order or ordinance sub-mitting the proposition of issuing bonds to a vote may specify more than one purpose for which bonds are to be issued: Provided, That the amount of the proceeds of the issue to be used for each purpose shall also be speci-fied therein."

The action of the Attorney General is here drawn in question because, complainants insist, the ordinance of August 22nd does not specify the amount of the proceeds of the proposed issue to be used for each of the three stated projects.

Examination of the ordinance discloses that it does not contain such specification. The nearest approach to par-ticularization arises from recitals in the ordinance of engineers' reports estimating separately the probable cost of each of the three proposed undertakings. But these recitals cannot be accepted as even a roundabout compliance with the statute, for reasons here stated.

Engineers' estimate: Kanawha Boulevard, $2,604,-000.00; Fire Department Buildings, $182,000.00; Relo-cation and Reconstruction of streets, $50,000.00; total, $2,836,000.00. The proposed bond issue is for $1,629,-100.00. The residue of $1,206,900.00 the city proposes to

acquire from the United States government under a Public Works Administration grant. It thus appears from recitals of the ordinance that of the total proposed expenditures for the three enterprises, about fifty-five per centum would be derived from the sale of bonds and about forty-five per centum from the federal government. And carrying the analysis further, it would seem that of the three separate amounts estimated by the engineers, as stated above, the taxpayers would pay in each instance about fifty-five per centum of the cost of that project. That is to say, there would be paid from the bond issue: (1) Kanawha Boulevard, $1,432,200.00; (2) fire department buildings, $100,100.00; (3) streets, $27,500.00. This was in substance the information which the ordinance carried to the voters.

It is urged that the approximate results thus reached afford a substantial compliance with the statutory requirement that where more than one purpose is provided for in a bond issue there shall be specification of the amount to be expended for each project. But whatever value the outlined circuitions and approximations might have, they are utterly destroyed by the fact that the entire set-up was changed by the form of ballot which was prescribed for and used by the voters at the bond election, because the ballot is materially at variance with the ordinance. On the ballot the items are, respectively, Kanawha Boulevard, $1,479,000.00; fire department buildings, $100,100.00; streets, $50,000.00. The variance lies in this, that, whereas, under the plan of the ordinance, as above explained, it was proposed, in effect, that approximately fifty-five per centum of the cost of each of the three projects be paid for out of proceeds of sale of bonds, the ballot provides that the $50,000.00 for relocation and reconstruction of streets be paid entirely from bond funds, and the amount to be expended on the boulevard is materially greater than seems to have been at least indirectly proposed by the ordinance. This substantial variance between the ordinance and the ballot affects not only these two items to the extent indicated,

but so complicates the situation as to render the whole matter enmeshed in complexity of calculation and uncertainty of delimitation. A condition results which is far different from that required by the statute respecting plurality of subjects embraced in one bond issue, namely, that the ordinance proposing the issue shall make plain the amount of bond money to be expended for each separate project.

For these reasons, we are of opinion that in submitting the proposed bond issue to the voters, there was failure of substantial compliance with the statutory requirement above stated. Therefore, we reverse the action of the Attorney General in approving the bonds.

*Reversed.*