EDWARD F. BAXA, *et al.*

*v.*

IRA J. PARTLOW, *Attorney General, Etc.*

(No. 10091)

Submitted April 12, 1949. Decided June 1, 1949.

*George W. Post, Campbell, McClintic & James, Lee M. Kenna,* for petitioners.

*Ira J. Partlow,* Attorney General, *Kelcel M. Ross, U. G. Young, Jr.,* for respondent.

LOVINS, JUDGE:

On August 9, 1948, Edward F. Baxa, Dr. O. O. Bennett, H. B. Adams and Edward C. Young, residents and taxpayers of the City of Buckhannon, filed their petition in this Court under Code, 13-1-26, praying that the action of the Attorney General in approving a bond issue of that municipality be reversed. On August 31 the same petitioners filed their amended and supplemental petition which the City of Buckhannon now objects to this Court considering because not filed within ten days after the date of the last publication of the notice of the Attorney General of his approval of the bond issue in question. We are of the opinion that the objection to the supplemental petition is without merit, so long as the defendant does not and cannot contend that it was taken by surprise or otherwise prejudiced by the filing and consideration of the supplemental petition. It attempts to make no new parties to this proceeding and, as new matter, alleges only occurrences since the preparation and filing of the original petition, not included in the file forwarded to the Attorney

General's office by the City of Buckhannon upon which his approval of the proposed bond issue was based. For this reason, although we consider the supplemental petition as seasonably filed, we are of the opinion that its allegations do not go to the merits.

On April 1, 1948, the Common Council of the City of Buckhannon, at a regular meeting, adopted an ordinance submitting to a vote of the people of that city on June 1, 1948, the question of approving or disapproving a proposed bond issue for $75,000.00 for the purpose of constructing a fire department building and acquiring real property for that purpose. The record submitted to the Attorney General under the applicable statute shows that this order of the City Council was passed and the election properly held on June 1, 1948, with the result that the issuance of bonds was approved by a vote of 1050 to 441. The record shows also that following the election and on June 7, 1948, the City Council passed another order containing the statement that after providing the revenue necessary for the payment of both principal and interest requirements on the bonds, there will be out of the levies authorized by law sufficient funds to carry on the requisite functions of the City of Buckhannon. This order provided further that the rate of levy adopted in the order passed April 1 wherever necessary may be exceeded in making the annual levy to meet the required payment of interest and principal coming due under the proposed bond issue.

The contention of the petitioners is that in approving the bond issue under the record submitted to him by the City of Buckhannon the Attorney General necessarily approved the order of June 7, 1948, since it is a part of the record submitted to him by the City of Buckhannon. They say that in providing the manner in which governmental units may become indebted Section 8 of Article X of our Constitution requires that "all questions connected with the same shall have been first submitted to a vote of the people"; that providing the necessary running expenses for the City of Buckhannon is a question necessarily con-

nected with the issuance of its bonds and that the general statement that that will be provided should have been included in the order of April 1, 1948, so informing the people to whom the matter was submitted.

They say further that since Code, 13-1-4, expressly requires a statement in the order of submission of the approximate rate of levy necessary to be authorized by a vote of the people, that the governing body of a taxing unit cannot disregard completely a vote of the people by providing that the rate of levy adopted by them may be exceeded when, in the judgment of the governing body, that is necessary.

Discussing the question concerning the governing body of the City of Buckhannon finding and stating in the order published under the provisions of Code, 13-1-4, that the city will be provided with sufficient revenue to pay the cost of its functioning as such and, at the same time, keep the aggregate levies imposed annually within the limits required by law, including those authorized to satisfy the bonded indebtedness authorized by that order, in our opinion an express finding and statement to that effect would be only a repetitious assurance which follows as a matter of course and is included by unavoidable implication. The City of Buckhannon advertised that if and when approved by a vote of its people, it would issue its bonds payable serially by it over a period of fifteen years. Its municipal functioning sustained by sufficient revenue over that period can be likened to an implied warranty. What are and what are not essential activities of a municipal government is to a large extent a relative question and varies according to the circumstances of each particular matter under examination. In this case this Court authorized the taking of proof and much evidence in the form of depositions concerning the condition of the streets, water mains, sewage system, et cetera, was filed. The opinion of a number of the residents of the City of Buckhannon plainly differs from that of its City Council, which is not controlled by individual opinion but by the regular vote of

a majority of its members. In our opinion, what is or is not adequate revenue to sustain the necessary functioning of a governmental unit is a legislative, not a judicial, question.

The contention is advanced that since the estimate for the fiscal year 1948-49 includes in the general fund approximately $4,500.00 representing money received from the sale of real estate and by a donation from the volunteer fire department, this sum should be eliminated from the estimated current revenue of the City of Buckhannon and that, if this is done, the current revenue for that year is insufficient to meet the city's debt charges and provide for its operating expense. That may be true but if so it still lies within the power of the city's governing body to reduce its operating expense so as to bring it within the lawful revenue after providing for legitimate debt charges. As to expending the corpus of capital assets in the payment of operating expense by placing their sale price in the general fund, we cannot say that this is beyond the power of its governing body. That body has well nigh complete control of the city's fiscal affairs and if it sees fit to dispose of what may be termed capital assets, such as real property, as an incident in acquiring a different capital asset, in this instance a fire station, we are of the opinion that it would be highly technical for this Court to say that instead of going into the general fund, the purchase price received from the sale of real estate owned by it should have been placed by the body in charge of its fiscal affairs in the fund set aside for the purpose of meeting its bonded indebtedness, in part created for the purpose of acquiring other real property. We therefore believe that it was unnecessary for the order of April 1, 1948, to expressly state that the lawful revenue of the City of Buckhannon for the fiscal year 1948-49, after excluding the named items, would be sufficient to include its necessary operating expense and to provide for its bonded indebtedness.

As to the second question, Code, 13-1-4, requires that an order submitting the approval or disapproval of a bond

issue to a vote of the people state the approximate rate of levy necessary to meet the sinking fund requirements. That rate of levy must be substantially complied. with. *State ex rel. Davenport v. Meadows,* 120 W. Va. 602, 103 S. E. 400. The order of June 7, 1948, provides expressly that it may be exceeded, but does not limit the excess except by the term "when necessary". We are of the opinion that this provision is invalid and of no effect. The rates of levy submitted by the order of April 1 and adopted at the bond election are binding. The provisions of Code, 13-1-26, authorizing this Court to review the action of the Attorney General in approving or disapproving the validity of a bond issue authorize this Court to enter such order as may seem to be just, and require this Court to approve or disapprove of the Attorney General's finding in toto. Therefore, shall we say that the Attorney General treated as binding a void provision contained in the ordinance of June 7, 1948? We think not. The provision being, in our judgment, utterly void, we believe should be disregarded as having influenced the approval of the Attorney General. Being void, it is to be treated as having no effect. If it had no effect it was merely surplusage and in our judgment an order that seems to be just should so treat it. We think, therefore, that a void clause of an ordinance, since it entirely lacks effect, does not invalidate a bond issue in which it pays no part.

The petition attacks the bond issue and the Attorney General's approval thereof by alleging that the governing body of the City of Buckhannon intends to construct a building the purpose of which will include uses in addition to those submitted to a vote of the people and approved by them. As to this, the notice of submission reads as follows:

> "It is necessary in the public interest that improvements be made in the said City for which bonds are proposed to be issued as follows: The erection and construction or assist in the erection and construction of a City fire station build-

ing to be used for the purpose of housing and protecting the fire fighting equipment of the City of Buckhannon and afford the said City adequate fire protection at an estimated cost including architect's fee of approximately $68,-000.00."

This proceeding is for the purpose of considering the Attorney General's approval of the bond issue in question: not to supervise the expenditure of funds procured as a result of that bond issue. There is nothing in the file transmitted to this Court that includes or could include occurrences subsequent to the Attorney General's approval. Questions that have to do with the use of the money raised by the sale of the approved bonds can not be reached. To consider them now would be premature.

For the foregoing reasons the approval of the Attorney General of the bond issue in question is affirmed.

*Affirmed.*